UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No.: _____
CLASS REPRESENTATION

KIRK CULVER, on behalf of himself and all others similarly situated,

Plaintiff,

v.

PHH MORTGAGE CORPORATION d/b/a NEWREZ,

Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiff, Kirk Culver ("Plaintiff"), on behalf of himself and all others similarly situated, allege that PHH Mortgage Corporation d/b/a/ NewRez ("Defendant") violated the Florida Consumer Collection Practices Act § 559.55 *et seq.* ("FCCPA") and the Fair Debt Collection Practices Act 15 U.S.C. 1692 *et seq.* ("FDCPA"). Plaintiff, on behalf of himself and all others similarly situated, also claims damages due to breach of contract and Defendant's constructive fraud.

### JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises out of the FDCPA, a federal statute.

2. The Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367 because the basis of the FDCPA federal claim involves the same illegal collection practices that form the basis of the state claims.

[2057232/1]                                   1

3. The Court has personal jurisdiction over Defendant because Defendant does business throughout the United States, including Florida. Further, its repeated and systematic contact with Plaintiff and other Florida class members in Florida made it foreseeable that Defendant would be haled into a Florida court.

4. Venue is proper in this District under 28 U.S.C. §§ 1391(b)–(c) because Defendant resides in any judicial district in which it is subject to personal jurisdiction when the action is commenced and because Defendant's contacts with this District are sufficient to subject it to personal jurisdiction.

## PARTIES

5. Plaintiff is a natural person who lives in Florida.

6. Defendant is a foreign profit corporation with its principal place of business at 1 Mortgage Way, Mount Laurel, NJ 08054.

## FACTUAL ALLEGATIONS

7. Plaintiff bought a home at 410 Louise Ave., New Smyrna, Florida 32168 ("Property"), secured by a mortgage and note. A true and correct copy of the mortgage and note are attached hereto as **Exhibit A**.

8. Plaintiff's mortgage is the Standard Federal National Mortgage Association ("FNMA" or "Fannie Mae") and Federal Home Loan Mortgage Corporation ("FHLMC" or "Freddie Mac") Mortgage.

9. FNMA owns Plaintiff's mortgage, which is serviced by Defendant.

### I.    The standard Fannie Mae mortgage.

10. After default, the standard FNMA uniform mortgage ("Uniform Mortgage") allows the lender to "do and pay for whatever is reasonable and appropriate" to protect the lender's interest in the property. Mortgage ¶ 9.

11. The Uniform Mortgage caps the amount that a lender may charge for property inspection fees to: (1) amounts "*disbursed*" in protecting Fannie Mae's interest and rights in the Mortgage Agreement (Paragraph 9 emphasis added); and (2) "expenses *incurred* in pursuing" certain default-related actions (Paragraph 22 emphasis added).

12. Further, "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property." *Id*. ¶ 9. "Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so." *Id*.

13. The Uniform Mortgage also incorporates "Applicable Law" defined as "all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Mortgage ¶ (I).

14. "Applicable Law" includes the Eleventh Circuit's opinion in *Prescott v. Seterus, Inc.*, 635 Fed.Appx. 640, 647 (11th Cir. 2015), which reversed a district court's grant of summary judgment on FDCPA and FCCPA claims in the defendant's favor, holding that the defendant violated the FDCPA and FCCPA when it charged and collected from the plaintiff "estimated"

attorney's fees that had not been incurred or disbursed and where no agreement expressly obligated the plaintiff to pay such fees.[1]

15. It also includes cases like *Daniel v. Select Portfolio Servicing, LLC*, 159 F. Supp. 3d 1333, 1336 (S.D. Fla. 2016), in which the court held that the plaintiff's allegations that defendant marked up property inspection fees and imposed them on mortgagors stated a claim for violating the FDCPA and FCCPA, where plaintiff alleged that the fees charged exceeded the actual costs incurred.

**II.     Defendant systematically charges and collects unfair, deceptive, and unreasonable property inspections fees.**

16. Defendant maintains a computerized mortgage servicing system that generates recurring property inspections every 20–30 days for defaulted loans.

17. Defendant has unilaterally contracted with a third-party vendor that performs the property inspections on Defendant's behalf.

18. Consumers, like Plaintiff, were unable to choose who performed the property inspections on behalf of Defendant.

19. The contract between Defendant and the inspection vendor lists the actual cost to Defendant for each property inspection.

20. Defendant charges and collects between $15 and $19.50 per inspection on every defaulted mortgage loan.

21. Upon information and belief, Defendant's actual cost for each property inspection is significantly less than the $15 or $19.50 Defendant charges and collects from consumers, including Plaintiff and the class.

---

[1] *See Prescott v. Seterus, Inc.*, 635 Fed.Appx. 640, 647 (11th Cir. 2015).

22. The property inspection fees are unfair, deceptive, and unreasonable because the entire amount is not *disbursed* or *incurred* to protect FNMA's interest in the property or rights in the mortgage.

23. Nor is the entire expense *incurred* in pursuing the property inspection service.

24. The property inspection fees are also unfair, deceptive, and unreasonable because Defendant hides the overcharge from consumers.

25. Defendant knows that the Uniform Mortgage does not allow it to create a profit center at the expense of homeowners in default.

26. Defendant also knows that it cannot charge and collect an amount not incurred or disbursed.

27. Defendant orders these property inspections not to protect any legitimate interest in the consumer's home but for the unreasonable financial gain at the expense of homeowners.

### III. Defendant charges Plaintiff unfair, deceptive, and unreasonable property inspection fees.

28. In September 2012, Plaintiff's mortgage fell into default.

29. Defendant became the servicer while Plaintiff's mortgage was already in default.

30. While his mortgage was in default, Defendant ordered property inspections of his home every month and charged him between $15.00 and $19.50 per property inspection. Defendant has continued to charge these property inspection fees to the present day.

31. Defendant has added the property inspection charges to the amount owed on Plaintiff's mortgage account.

32. Defendant then added the fees to the total amount that Plaintiff must pay to avoid foreclosure.

33. Upon information and belief, Defendant's actual cost for these property inspections is much less than what was charged to Plaintiff.

34. Defendant has not incurred or disbursed $15 or $19.50 for each property inspection.

35. Defendant had no legal right to charge Plaintiff more than its actual cost for the property inspection.

36. Defendant has demanded that Plaintiff pay the property inspection fees in monthly mortgage statements and reinstatement letters.

37. For example, by a mortgage billing statement dated June 16, 2020, Defendant charged Plaintiff $15 for a property inspection that purportedly took place on May 27, 2020. Attached hereto as **Exhibit B** is a true and correct copy of the June 16, 2020, mortgage billing statement (the "June Billing Statement").

38. In bold black letters, the June Billing Statement had an amount due of $181,373.84. Exh. B at 1.

39. In addition, the June Billing Statement had a "Payment Due Date" of July 1, 2020. *Id.*

40. The June Billing Statement also stated "If payment is received after 7/16/2020, a $72.22 late fee may be charged." *Id*.

41. The June Billing Statement had a coupon for Plaintiff to tear off and return it with his payment. *Id*.

42. The June Billing Statement also said: "This communication is from a debt collector attempting to collect a debt; any information will be used for that purpose." *Id.* at 2.

43. Defendant did not, in the June Billing Statement or any other correspondence, inform Plaintiff that Defendant's actual cost for each property inspection was much less than $15.

44. By way of another example, on November 16, 2020, Defendant issued another monthly mortgage statement that included a charge of $19.50 for a property inspection that purportedly occurred on November 6, 2020. A true and correct copy of the November 16, 2020 mortgage billing statement (the "November Billing Statement") is attached hereto as **Exhibit C**.

45. In bold black letters, the November Billing Statement had an amount due of $201,416.42. Exh. C at 1.

46. In addition, the November Billing Statement had a "Payment Due Date" of December 1, 2020. *Id.*

47. The November Billing Statement also stated that "If payment is received after 12/16/2020, a $72.22 late fee may be charged." *Id.*

48. The November Billing Statement had a coupon for Plaintiff to tear off and return it with his payment. *Id.*

49. The November Billing Statement also said: "This communication is from a debt collector attempting to collect a debt; any information will be used for that purpose." *Id.* at 2.

50. Defendant did not, in the November Billing Statement or any other correspondence, inform Plaintiff that Defendant's actual cost for each property inspection was much less than $19.50.

### IV. Defendant knows that it has no legal right to charge and collect unfair, deceptive, and unreasonable default-related fees.

51. Defendant is charged with knowledge of the terms and conditions in Plaintiff's and all other class members' mortgages.

52. Defendant knew that it had not *disbursed* between $15.00 and $19.50 for each property inspection fee nor *incurred* that cost for each property inspection.

53. Nevertheless, Defendant has knowingly charged and collected amounts from the Plaintiff and other class members that included unfair, deceptive, and unreasonable property inspection fees.

54. Defendant imposes these unreasonable and illegal property inspection fees and demands that homeowners pay them to prevent the loss of their home.

55. Defendant's standard business practice is to charge and collect the illegitimate property inspection fees.

56. Defendant has further knowledge of the illegality of its conduct as shown by the thousands of complaints received by the Consumer Financial Protection Bureau.

**V.   As a direct result of Defendant's illegal conduct, Plaintiff and the putative class members have suffered concrete and particularized injuries.**

57. Plaintiff and the putative class members have a statutory right to receive accurate information about the amounts owed under their mortgage loans.

58. By charging and collecting unfair, deceptive, and unreasonable property inspection fees, which are prohibited by the uniform covenants in their Uniform Mortgages and failing to provide borrowers with accurate information about the amounts owed under their mortgage loans, Defendant has deprived them of their right to receive accurate information under the FDCPA and FCCPA.

59. Defendant has further placed the Plaintiff and other class members at imminent risk of paying amounts not owed, and Defendant has caused the amounts owed under their mortgages to be artificially inflated.

60. Defendant has added the unfair, deceptive, and unreasonable property inspection fees to the amount borrowers must pay to reinstate or modify their mortgage.

61. Plaintiff, through counsel, sent a cure letter to Defendant.

62. After a reasonable amount of time, Plaintiff filed this lawsuit because Defendant did not cure its breach of the mortgage and state and federal law.

63. As a result, all conditions precedent to the filing of this class action lawsuit have occurred or otherwise been waived.

## CLASS ACTION ALLEGATIONS

64. Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following nationwide class of persons aggrieved by Defendant's FDCPA violations and breach of contract subject to modification after discovery and case development:

> All consumers to whom Defendant charged, collected, or attempted to collect a fee for a property inspection during the applicable statute of limitations.

65. Plaintiff brings this action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Florida class of persons aggrieved by Defendant's FCCPA violations and constructive fraud subject to modification after discovery and case development:

> All Florida consumers to whom Defendant charged, collected, or attempted to collect a fee for a property inspection during the applicable statute of limitations.

66. Class members are identifiable through Defendant's records and payment databases.

67. Excluded from the Class is Defendant; any entities in which it has a controlling interest; its agents and employees; any Judge to whom this action is assigned and any member of such Judge's staff and immediate family; Florida residents in bankruptcy; and those Florida residents who were charged a property inspection fee and filed a bankruptcy within the applicable statute of limitations.

68. Plaintiff proposes that he serve as class representative for the respective Classes.

69. Defendant's actions have harmed Plaintiff and the class members.

70. Numerosity is satisfied. There are likely thousands of class members. Individual joinder of these persons is impracticable.

71. There are questions of law and fact common to Plaintiff and to the Classes, including, but not limited to:

   a. Whether Defendant violated the FCCPA by charging monies not due.

   b. Whether Defendant violated the FDCPA by charging monies not due.

   c. Whether Plaintiff and the putative class members are entitled to damages from Defendant's breach of contract and constructive fraud.

   d. Whether Plaintiff and class members are entitled to actual or statutory damages because of Defendant's actions.

   e. Whether Plaintiff and class members are entitled to attorney's fees and costs. and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

72. Plaintiff's claims are typical of the claims of the Classes.

73. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions.

74. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of this controversy.

75. The prosecution of separate claims by individual class members would create a risk of inconsistent or varying adjudications concerning individual class members.

## COUNT I AS TO DEFENDANT'S VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT § 1692e *et seq.*

76. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because the debt allegedly owed was for a mortgage for personal, family, or household use.

77. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because its principal business purpose is the collection of debts, it was assigned Plaintiff's mortgage loan while it was in default, and it uses the United States mail for its principal business purpose: collecting debts.

78. Defendant violated 15 U.S.C. § 1692e when it used deceptive and misleading means and representations when collecting illegitimate property inspection fees from Plaintiff.

79. Defendant violated 15 U.S.C. § 1692e(2)(A)-(B) because it falsely represented the character, amount, and legal status of the property inspection fees and the services rendered and the compensation it could lawfully collect from Plaintiff.

80. Defendant also violated 15 U.S.C. § 1692e(5) because it threatened to collect the illegitimate property inspection fees, which had to be paid to avoid foreclosure, when it had no legal right to collect those fees, nor did it have a legal right to use deceptive means when collecting the debt.

81. Defendant also used deceptive and misleading conduct when it concealed the actual cost of each property inspection fee from Plaintiff.

82. As a result of Defendant's violation of the FDCPA, Plaintiff and class members are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

## COUNT II AS TO DEFENDANT'S VIOLATION OF
## THE FAIR DEBT COLLECTION PRACTICES ACT § 1692f *et seq.*

83. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) because the debt allegedly owed was for a mortgage for personal, family, or household use.

84. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because its principal business purpose is the collection of debts, it was assigned Plaintiff's mortgage loan while it was in default, and it uses the United States mail for its principal business purpose: Collecting debts.

85. Defendant violated 15 U.S.C. § 1692f when it used unfair and unconscionable means to collect illegitimate property inspection fees from Plaintiff.

86. Defendant violated 15 U.S.C. § 1692f(1) when it charged and collected property inspection fees not expressly authorized by Plaintiff's mortgage and the putative class members' Uniform Mortgages.

87. As a result of Defendant's violation of 15 U.S.C. § 1692f, Plaintiff and class members are entitled to actual damages, plus statutory damages under 15 U.S.C. § 1692(k), together with reasonable attorney's fees and costs.

## COUNT III AS TO DEFENDANT'S VIOLATION OF
## THE FLORIDA CONSUMER COLLECTION PRACTICES ACT § 559.72(9)

88. Plaintiff is a "consumer" as defined by Fla. Stat. § 559.55(8) because he bought a home with financing through a mortgage.

89. Defendant is a "person" as defined under the FCCPA.

90. Defendant knowingly charged Plaintiff unfair, deceptive, and unreasonable property inspection fees.

91. Upon information and belief, Defendant knows that its actual cost for each property inspection is much less than the amount Defendant charged as provided for by agreement.

92. Defendant knew that it could not charge between $15 and $19.50 for each property inspection because the Plaintiff and putative class members' uniform mortgages prohibit the collection of fees not incurred or disbursed.

93. Defendant was also put on notice about charging and collecting fees not owed after receiving the Eleventh Circuit opinion *Prescott v. Defendant, Inc.* and the thousands of complaints that it received from consumers complaining about default-related fees not owed.

94. Despite knowing that it had no right to collect these fees, Defendant has charged and tried to collect them from the Plaintiff and all other class members.

95. As a result of Defendant's violation of the FCCPA, Plaintiff and the other class members are entitled to actual damages, plus statutory damages under § 559.77(2) of the FCCPA, together with reasonable attorney's fees and costs.

## COUNT IV AS TO CONSTRUCTIVE FRAUD

96. After default, Plaintiff's mortgage did not require Defendant to perform any default-related service on his home.

97. Despite this non-obligation, Defendant undertook the extra contractual service of ordering and charging for property inspections.

98. Plaintiff had no ability to negotiate who would perform the property inspections or the amount charged for each property inspection.

99. Defendant exercised exclusive control over the agent that performed the property inspections and the amount charged for each property inspection.

100. Upon information and belief, Defendant unilaterally contracted with a third-party property inspection vendor to perform property inspections on the Plaintiff's home.

101. Defendant has charged between $15 and $19.50 per property inspection.

102. Upon information and belief, the actual cost to Defendant for each property inspection was and is much less than the amount charged and collected.

103. As a result of the overcharge, Defendant has received a greater economic benefit than what was contemplated under the mortgage.

104. Because of Defendant's constructive fraud, Plaintiff is entitled to actual damages.

## COUNT V AS TO BREACH OF CONTRACT

105. A valid contract exists between Defendant and Plaintiff and a class of persons similarly situated in the form of the mortgages and promissory notes.

106. Under the Uniform Mortgage, the "Lender or its agent may make reasonable entries upon and inspections of the Property." Mortgage ¶ 7. Further, "Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property." *Id*. ¶ 9. "Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so." *Id*.

107. The Uniform Mortgage also limits the amount of fees a mortgage servicer may charge. "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." *Id*. ¶ 14. "Lender shall be entitled to collect all expenses incurred in pursuing the remedies

provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence." *Id.* ¶ 22.

108. The Standard Mortgage also incorporates "Applicable Law" and defines it as a term. "Applicable Law" is defined as "all controlling applicable federal, state, and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions." Mortgage ¶ (I).

109. Defendant breached the above provisions by charging Plaintiff and the putative class unfair, deceptive, and unreasonable property inspection fees, as set out above.

110. As a proximate result of Defendant's breach, Plaintiff and the other class members are entitled to actual damages.

## JURY DEMAND

Plaintiff is entitled to and respectfully demand a trial by jury on all issues so triable.

## RELIEF REQUESTED

WHEREFORE. Plaintiffs, on behalf of himself and all others similarly situated, respectfully requests that this Court to enter judgment against Defendant for all the following:

a. That Plaintiff and all class members be awarded actual damages, including, but not limited to, forgiveness of all amounts not owed.

b. That Plaintiff and all class members be awarded statutory damages.

c. That Plaintiff and all class members be awarded costs and attorney's fees.

d. That the Court enter a judgment permanently enjoining Defendant from charging and/or collecting debt in violation of the FCCPA and FDCPA.

e. That, should the Court permit the continued charging and/or collecting debt, it enter a judgment requiring the adoption of measures ensuring FDCPA and FCCPA

       compliance, and that the Court retain jurisdiction for a period of six months to ensure compliance with those measures;

g.    That the Court enter a judgment awarding any other injunctive relief necessary to ensure compliance with the FDCPA and the FCCPA.

h.    That the Court enter an order that Defendant, its agents, or anyone acting on their behalf, are immediately restrained from altering, deleting, or destroying any documents or records that could be used to identify class members;

j.    That the Court certify Plaintiff's claims and all other persons similarly situated as class action claims under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure; and

k.    Such other and further relief as the Court may consider just and proper.

Dated: December 16, 2020                                    Respectfully Submitted,

| | |
|---|---|
| METHVIN, TERRELL, YANCEY, STEPHENS & MILLER, P.C.<br>2201 Arlington Avenue South<br>Birmingham, AL  35205<br>Telephone:     (205) 939-0199<br>Facsimile:     (205) 939-0399<br><br>*/s/ J. Matthew Stephens*<br>J. MATTHEW STEPHENS, ESQ.<br>E-mail: mstephens@mtattorneys.com<br>Fla. Bar No.:  0688649<br><br><br><br>NEWHART LEGAL, P.A.<br>14611Southern Blvd. Suite 1351<br>Loxahatchee, FL 33470<br>Telephone: (561) 331-1806<br>Facsimile:   (561) 473-2946<br><br>*/s/ Darren R. Newhart*<br>Darren R. Newhart, Esq.<br>Fla. Bar No.: 0115546<br>E-mail: darren@newhartlegal.com | ZEBERSKY PAYNE SHAW LEWENZ, LLP<br>110 Southeast 6th Street, Suite 2150<br>Fort Lauderdale, Florida 33301<br>Telephone:     (954) 989-6333<br>Facsimile:     (954) 989-7781<br>Primary Email: jshaw@zpllp.com;<br>kslaven@zpllp.com; zludens@zpllp.com<br>Secondary email: mperez@zpllp.com<br><br>/*s/ Jordan A. Shaw*<br>JORDAN A. SHAW, ESQ.<br>Fla. Bar No.: 111771<br>KIMBERLY A. SLAVEN, ESQ.<br>Fla. Bar No.: 117964<br>ZACHARY D. LUDENS, ESQ.<br>Fla. Bar No.: 111620 |