UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KIRK CULVER, on behalf of himself
and all others similarly situated,

     Plaintiff,

v.

                      CASE NO.: 6:20-cv-02292-PGB-EJK

PHH MORTGAGE CORPORATION
d/b/a NEWREZ LLC,

     Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AND TO STRIKE JURY DEMAND, AND INCORPORATED MEMORANDUM OF LAW

Defendant, PHH Mortgage Corporation ("PHH"),[1] moves under Federal Rules 12(b)(6) and 12(f) and Local Rule 3.01, to dismiss Plaintiff's complaint (ECF No. 1) and strike his demand for a jury trial.

## I.   INTRODUCTION

The complaint is based on a threadbare allegation that PHH, Plaintiff's mortgage loan servicer, assessed fees for property inspections that exceed the actual cost of the inspections. Based on this theory, Plaintiff purports to assert individual and class claims for violating the federal Fair Debt Collection Practices Act (Counts I & II) and the Florida Consumer Collection Practices

---

[1] Plaintiff incorrectly alleged that PHH is doing business as NewRez LLC in his complaint.

Act (Count III), constructive fraud (Count IV), and breach of contract (Count V). But the complaint is fatally flawed and should be dismissed for several reasons: (1) Plaintiff fails to sufficiently allege compliance with his pre-suit notice obligations; (2) the allegation that Plaintiff's inspection fees were marked up is merely conclusory, and documents incorporated into the pleadings show that the fees were not marked up; (3) Plaintiff fails to identify any debt collection communication actionable under the FDCPA or FCCPA; (4) the complaint fails to identify any special relationship or extra-contractual conduct as required for constructive fraud; and (5) Plaintiff cannot state a claim for breach of contract where his only alleged damages are unpaid fees assessed on a loan that has been in default for eight years.

In addition, and only if any part of the complaint survives this motion, Plaintiff's jury demand should be stricken based on the jury waiver in the mortgage. However, as more fully described below, the entire complaint should be dismissed with prejudice at the pleading stage.

## II.   RELEVANT ALLEGATIONS AND BACKGROUND

Plaintiff bought a home in 2007 in New Smyrna, Florida with the proceeds of a promissory note secured by a mortgage. ECF No. 1, Compl., ¶ 7. Plaintiff's mortgage is the Standard Federal National Mortgage Association ("Fannie Mae") and Federal Home Loan Mortgage Corporation ("Freddie Mac") mortgage. *Id.* PHH services Plaintiff's mortgage. *Id.*, ¶ 9.

In the event of a default, Plaintiff's mortgage authorizes PHH to "do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property." ECF No. 1-1, Mortg., p. 12, ¶ 9. In addition, "Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees." *Id.*, ¶ 14.

Plaintiff's mortgage loan fell into default in September 2012, more than eight years ago. ECF No. 1, ¶ 28. While Plaintiff's mortgage was in default, PHH ordered property inspections of his home and added the property-inspection fees to Plaintiff's mortgage loan balance. *Id.*, ¶¶ 30-31.

Plaintiff alleges, on "information and belief" that PHH's actual cost for its property inspections is less than what it charges Plaintiff. *Id.*, ¶ 33. Plaintiff identifies a monthly mortgage statement PHH sent on June 16, 2020, which lists a $15 fee for a property inspection performed on May 27, 2020. *Id.*, ¶ 37. Plaintiff alleges—without any support—that PHH's actual cost for the property inspection was "much less" than $15. *Id.*, ¶ 43. Plaintiff also identifies a monthly mortgage statement PHH sent on November 16, 2020, which lists a $19.50 fee for a property inspection performed on November 6, 2020. *Id.*, ¶ 44.

3

Plaintiff alleges—again in the most conclusory manner—that PHH's actual cost for the property inspection was "much less" than $19.50. *Id.*, ¶ 50.

Plaintiff filed this lawsuit on December 16, 2020, asserting claims for violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") (Counts I & II); violation of the Florida Consumer Collection Practices Act, §§ 559.55, Fla. Stat., et seq. ("FCCPA") (Count II); constructive fraud (Count IV); and breach of contract (Count V). Plaintiff alleges that he filed suit after sending a cure letter through counsel and provided PHH a reasonable time in which to cure its breach of the mortgage, state, and federal law. *Id.*, ¶¶ 61-62. Plaintiff demands a trial by jury. *Id.*, p. 15. Plaintiff also seeks to represent a putative nationwide class on his FDCPA and breach of contract claims and a Florida class on his FCCPA and constructive fraud claims.

## III.   MEMORANDUM OF LAW

### A. LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), the factual allegations in the complaint must "state a claim to relief that is plausible on its face." *Dayhoff v. Wells Fargo Home Mortg., Inc.,* No. 6:13-CV-1132-ORL-37K, 2013 WL 6283583, at *1 (M.D. Fla. Dec. 4, 2013) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). The Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will

support the cause of action." *Id.* (citing *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas. Dist.,* 992 F.2d 1171, 1174 (11th Cir. 1993)). Moreover, "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the Court's analysis is "limited primarily to the face of the complaint and the attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368-69 (11th Cir. 1997). An exception to this rule permits courts to consider documents that a defendant attaches to its motion to dismiss if the attached documents are "(1) central to the plaintiff's claim and (2) undisputed." *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)). In this context, a document is "undisputed" if its authenticity is not challenged. *Id.*

## B. ARGUMENT

### 1. The entire Complaint should be dismissed because Plaintiff failed to satisfy the pre-suit notice-and-cure requirements in the mortgage.

As a threshold matter, Plaintiff was required under his mortgage to provide PHH notice and an opportunity to cure as a condition precedent to filing suit against PHH. The relevant language is as follows:

> Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.

ECF No. 1-1, p. 17, ¶ 20. This case should not proceed past the pleadings because Plaintiff has not alleged compliance for his individual claims, nor could he allege compliance by absent class members.

### a) Plaintiff's alleged notice does not comply with the mortgage.

Pre-suit notice is intended to facilitate explanation and resolution without the expense, pressure, and acrimony of litigation. *Gibson v. Chase Home Fin., LLC*, No. 8:11–cv–1302–T–23TBM, 2012 WL 1094323, at *2 (M.D. Fla. Apr. 2, 2012). A notice and cure letter must apprise the recipient of the substance of the claims at issue and comply with the terms of paragraph 20. For example, in *Sotomayor v. Deutsche Bank Nat'l Trust Co.*, the court dismissed a complaint premised upon inflated property-inspection fees because at most, the plaintiffs' notice letter advised that future property inspections would be deemed unreasonable because the plaintiffs still occupied and were maintaining the property. *Sotomayor*, No. 0:15-CV-61972-WPD, 2016 WL 3163075, at *1 (S.D. Fla. Mar. 18, 2016). The court found that the plaintiff's

failure to contest the inflated fees in the letter was fatal to the complaint. *Id.; see also Hill v. Nationstar Mortg., LLC*, No. 15-60106, 2016 WL 3950029, at *1-2 (S.D. Fla. Feb. 11, 2016) (dismissing complaint premised upon, among other things, inflated inspection charges and kickbacks because the plaintiff's letter only challenged the property inspections because the property was occupied and maintained).

Here, notwithstanding Plaintiff's conclusory allegation in paragraphs 61-62 of his complaint that he complied with this requirement, a simple review of counsel's letter shows that it did not comply with the requirements of the mortgage. See Exhibit 1, Letter dated October 26, 2020.[2] For example, the letter provides PHH with no opportunity to take corrective action as required by paragraph 20. Instead, the letter advises that Plaintiff has already retained counsel and prepared a class action complaint, which he intended to file. Plaintiff, rather than demanding corrective action, e.g., removal of the allegedly improper fees, demands payment of a class settlement. The letter does not indicate that Plaintiff will refrain from proceeding with his class action complaint in the event that PHH took corrective action. As a result, Plaintiff's letter does not comply with paragraph 20 and his complaint should be dismissed for failure to comply with conditions precedent.

---

[2] Counsel's letter is properly considered on this motion because it is referred to in the complaint, presents a threshold pleading issue in this case, and is not disputed. *Day*, 400 F.3d at 1276.

### b) Plaintiff does not and cannot allege compliance by absent class members.

Plaintiff also fails to allege that the members of the putative class complied with the notice and cure provision of the mortgage. The mortgage requires borrowers to provide their own notice prior to joining any suit "as either an individual litigant *or the member of a class*." ECF No. 1-1, p. 17, ¶ 20 (emphasis added). Thus, the plain language of the provision would require the members of Plaintiff's purported class to provide their own notice to PHH, affording PHH the opportunity to take corrective action as it relates to each of their grievances. *Cooper v. PennyMac Loan Services, LLC*, --- F. Supp. 3d ---, 2020 WL 8073604, at *3 (S.D. Fla. Dec. 23, 2020). The provision does not include a mechanism by which a Plaintiff can provide such notice on behalf of his purported class members. *Id.* And, in any event, PHH would not be able to provide any corrective action to a borrower whose identity and individual grievance has not yet been identified. *Id.* Thus, Plaintiff's class claims are barred. *Id.*[3] (citing *Wilson v. EverBank, N.A.*, 77 F. Supp. 3d 1202, 1219-20

---

[3] The court in *Cooper* declined to apply its holding on the notice and cure argument to the plaintiff's FCCPA claim because the processing fees at issue were not specifically addressed by the plaintiff's mortgage. There is no reason to apply the same limitation here. Courts have held that the notice and cure provision applies to FDCPA and/or FCCPA claims premised upon allegedly inflated property-inspection fees. *Sotomayor* 2016 WL 3163075, at *1 ; *Charles v. Deutsche Bank Nat'l Trust Co.*, No. 1:15-cv-21826-KMM, 2016 WL 950968, at *2 (S.D. Fla. Mar. 14, 2016).

(S.D. Fla. 2015) (dismissing breach of contract claim for failing to provide pre-suit notice required by the parties' mortgage agreement).

The Court should dismiss the complaint for failing to adequately allege notice of Plaintiff's purported claims and a reasonable opportunity for PHH to take corrective action prior to the commencement of this action.

**2. The entire Complaint should be dismissed because it fails to plausibly allege that PHH marked up any fees, and documents incorporated by reference in the complaint show that the fees were not marked up.**

The central theory of the complaint—that PHH wrongfully marked up inspection fees—is based on an entirely conclusory allegation that is both inadequate for pleading purposes and also demonstrably incorrect based on the inspection invoices that are properly considered on a motion to dismiss. All of Plaintiff's causes of action therefore fail to state a claim.

**a) Plaintiff's sole conclusory allegation, "upon information and belief," fails to plausibly assert that PHH marked up inspection fees.**

Plaintiff's entire complaint hinges on one conclusory allegation: "Upon information and belief, Defendant's actual cost for each property inspection is significantly less than the $15 or $19.50 Defendant charges and collects from consumers, including Plaintiff and the class." ECF No. 1, ¶ 21. But the complaint is completely devoid of any factual allegations that would support this theory, such as what PHH's actual cost for the inspections were or any

other fact supporting Plaintiff's "belief" that the fee was more than PHH's cost. The Court is not obliged to accept Plaintiff's "unadorned, the defendant-unlawfully-harmed me accusation," that presents nothing more "than a sheer possibility that [PHH] has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* To survive a motion to dismiss, a plaintiff must allege something more "than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id. (*citing *Twombly*, 550 U.S. at 555). "While notice pleading may not require that the pleader allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (citation and internal quotations omitted).

Plaintiff's complaint fails to state a claim because the naked assertion that PHH wrongfully marks up property-inspection fees lacks any allegation to elevate it from speculative to plausible. Dismissal is therefore appropriate.

> **b) The inspection fee invoices, properly considered on a motion to dismiss, demonstrate that there was no mark up.**

Plaintiff alleges that the actual cost of the property inspections identified in his June 16, 2020 and November 16, 2020 mortgage statements was much

less than the $15 and $19.50 assessed by PHH. ECF No. 1, ¶¶ 37-50. The amount that PHH's property-inspection vendors charged PHH for these two inspections, and the documents memorializing those charges, are therefore central to the complaint, and if undisputed, may be properly considered on a motion to dismiss. *See Horsley*, 304 F.3d at 1134 (in this context, a document is "undisputed" if its authenticity is not challenged).

The property-inspection reports and corresponding invoices from PHH's property inspection vendors demonstrate that the inspection fees were merely passed on without any markup. The invoice and property inspection report from Altisource Solution, Inc. show that Altisource charged PHH $15 for the property inspection it conducted on May 4, 2020—the same $15 that PHH passed along to Plaintiff in its June 16, 2020 monthly mortgage statement. See Exhibit 2, Altisource Invoice and Inspection Report. Likewise, the invoice and property inspection report from Guardian Asset Management show that Guardian charged PHH $19.50 for the property inspection it conducted on October 10, 2020—the same $19.50 that PHH passed along to Plaintiff in its November 16, 2020 monthly mortgage statement. See Exhibit 3, Guardian Invoice and Inspection Report. Thus, the complaint should be dismissed because Plaintiff has not and cannot plausibly allege that PHH marked up his inspection fees. *See Dayhoff*, 2013 WL 6283583, at *3 (dismissing FDCPA and

11

FCCPA claims because the loan modifications attached to defendant's motion to dismiss contradicted allegations of complaint).

### 3. Counts I-III (FDCPA & FCCPA) should be dismissed because PHH's monthly billing statements are not debt collection communications.

Beyond the threshold defects discussed above, the Court should dismiss Plaintiff's individual claims for independent reasons. Plaintiff's first, second, and third causes of action against PHH allege violations of the FDCPA and FCCPA. ECF No. 1, ¶¶ 76-95. Each of these causes of action are based upon the monthly mortgage statements PHH sent Plaintiff on June 16, 2020 and November 16, 2020. *Id.*, ¶¶ 37, 44. It is axiomatic that, "to state a plausible claim for relief under the FDCPA or the FCCPA, a plaintiff must allege, among other things that the challenged conduct is related to 'debt collection'". *Cilien v. U.S. Bank Nat'l Ass'n*, 687 F. App'x 789, 792 (11th Cir. 2017); *see also Brown v. Select Portfolio Servicing, Inc.*, No. 16-62999-CIV-DIMITROULEAS, 2017 WL 1157253, at *3 (S.D. Fla. March 24, 2017). The Court should dismiss the FDCPA and FCCPA claims because transmission of the monthly mortgage statements to Plaintiff did not relate to debt collection. Rather, the implementing regulation of the federal Truth in Lending Act ("TILA")—Regulation Z—requires mortgage servicers to send these statements to borrowers. 12 C.F.R. § 1026.41.

Courts regularly recognize that mortgage servicers are required to send monthly mortgage statements to their customers and, consequently, that the transmission of these statements do not constitute debt collection. *See Green v. Specialized Loan Servicing, LLC*, 766 F. App'x 777, 784-85 (11th Cir. 2019); *Czaban v. Bayview Loan Servicing, LLC*, No. 3:19cv591-TKW-EMT, 2019 WL 5690633, at *2 (N.D. Fla. Nov. 1, 2019) ("[S]ending these statements does not amount to debt collection where, as here, the statements do not rise above the garden variety type of statement required by TILA and do not include strong demands for payment) (citations and internal quotations omitted); *Shaffer v. Servis One, Inc.*, 347 F. Supp. 3d 1039, 1044-1046 (M.D. Fla. Nov. 5, 2018) (finding that a monthly mortgage statement containing the amount due, payment due date, and delinquency information, and payment coupon was substantially similar to the sample form provided by Regulation Z and did not constitute debt collection."); *see Williams v. Bank of America, N.A.*, No: 6:17–cv–103–Orl–31TBS, 2017 WL 3662441, at *5 (M.D. Fla. Aug. 24, 2017) ("these mortgage statements do not constitute 'debt collection' under the FDCPA …[the bank] is required by federal law, specifically [TILA] to send mortgage statements to [plaintiff"'); *Brown*, 2017 WL 1157253, at *4 (dismissing FDCPA claim because monthly mortgage statements required by law were not debt collection).

Dismissal of Plaintiff's FDCPA and FCCPA claims is consistent with the Consumer Financial Protection Bureau's 2013 Bulletin (the "Bulletin"), providing that a "servicer acting as a debt collector would not be liable under the FDCPA for complying with [monthly mortgage statement] requirements." *Shaffer*, 2018 WL 5785959, at *5 (citing Implementation Guidance for Certain Mortgage Servicing Rules, 10152013 CFPBGUIDANCE, 2013 WL 9001249 (C.F.P.B. Oct. 15, 2013)).

The Eleventh Circuit's decision in *Green* embraced the concept that mortgage statements sent in compliance with TILA are not debt collection. *Green*, 766 F. App'x 784-785. In *Green*, the borrower alleged that the servicer violated the FDCPA because its mortgage statements included amounts for time-barred payments. *Id.* at 779. The Eleventh Circuit affirmed the Middle District's dismissal finding that the TILA regulations required mortgage statements to include delinquency information, including the "length of the consumer's delinquency." 766 F. App'x at 784-85 (citing 12 C.F.R. § 1026.41(d)(8)). The Eleventh Circuit observed that notifying a consumer of the amount needed to satisfy the mortgage loan can serve useful purposes and thus the district court did not err in finding that the content of the mortgage statement did not rise above the "garden variety" type of statement required by TILA, even for the "least sophisticated consumer." *Id.*

14

Plaintiff may argue a line of cases finding monthly statements constitute debt collection. However, as the court explained in *Shaffer*, courts that have declined to follow the CFPB's guidance in the Bulletin only do so where communications used "language that falls outside the realm of TILA or 'debt collection language' which include 'increasingly severe language.'" *Id*. The monthly statements with which Plaintiff takes issue in this case do not include severe or threatening language. As in *Shaffer*, the monthly mortgage statements are "substantially similar to model form H-30(B) provided by Appendix H to Part 1026 of TILA Regulation Z." *Id*. at 5; *see also Jones v. Select Portfolio Servicing, Inc.*, No. 1:18-CV-20389-UU, 2018 WL 2316636, at *4 (S.D. Fla. May 2, 2018) (noting the similarities between a statement and the model form in finding no debt collection).

PHH's monthly mortgage statements complied with 12 C.F.R. § 1026.41 and were substantially similar to the sample form of periodic statement provided by the CFPB in Appendix H-30 to 12 C.F.R. § 1026.41. The monthly mortgage statements included the following information, all of which is expressly required by 12 C.F.R. § 1026.41 of TILA:

- a box in the upper right corner stating the payment due date, total amount due, and the amount of any late payment fee, and the date on which that fee will be imposed if payment has not been received (required by § 1026.41(d)(1))[4];

---

[4] Plaintiff emphasizes that the amount due in PHH's monthly mortgage statements was in "bold black letters." The sample form in Appendix H-30 also lists the amount due in "bold

- a heading on the left side containing account information including the outstanding principal balance, interest rate, and escrow balance (required by § 1026.41(d)(7));

- a heading on the right side containing an explanation of the amount due (required by § 1026.41(d)(2));

- a heading in the middle of the page showing the transaction activity during the current billing period (required by § 1026.41(d)(4));

- a heading providing a breakdown of past payments (required by § 1026.41(d)(3));

- a delinquency notice (required by § 1026.41(d)); and

- a detachable payment coupon on the bottom of the page (included in the model form H-30(A) and (B) provided by Appendix H to Part 1026 of TILA Regulation Z).

*See* ECF No. 1-2, p. 2, 5, ECF No. 1-3, p. 2, 5.

PHH's monthly mortgage statements included a statement on the second page that "[t]his communication is from a debt collector attempting to collect a debt; any information will be used for that purpose." ECF No. 1-2, p. 3, ECF No. 1-3, p. 3. Courts sometimes refer to this statement as a "mini-Miranda" warning and it is required in communications by debt collectors. *See* 15 U.S.C. § 1692e(11); *see also Edwards v. Niagara Credit Sols., Inc.*, 584 F.3d 1350, 1351 (11th Cir. 2009) ("The [FDCPA] specifically requires that a debt collector disclose in all communications with a debtor that the message is from a debt collector."). Courts routinely hold that the inclusion of such a notice does not

---

black letters," and § 1026.41(c) requires servicers to make the disclosures, including the amount due, "clearly and conspicuously."

automatically trigger the protections of the FDCPA. *Helman v. Udren Law Offices, P.C.*, 85 F. Supp. 3d 1319, 1325 (S.D. Fla. Dec. 18, 2014) (citing *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 n. 3 (7th Cir.2010); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 400 (6th Cir.1998).).

Accordingly, dismissal of Plaintiff's FDCPA and FCCPA claims is appropriate because PHH sent the monthly mortgage statements pursuant to the requirements of TILA and such statements, without more, does not furnish a basis for liability under the FDCPA and FCCPA.

4. **Count IV (Constructive Fraud) should be dismissed because Plaintiff cannot allege the requisite fiduciary relationship and, in any event, the claim is barred by the independent tort doctrine.**

Plaintiff alleges as his fourth cause of action against PHH a claim for constructive fraud. ECF No. 1, ¶¶ 96-104. Constructive fraud exists where a duty arising from a confidential or fiduciary relationship has been abused, or where an unconscionable advantage has been taken. *Linville v. Ginn Real Est. Co., LLC*, 697 F. Supp. 2d 1302, 1309 (M.D. Fla. 2010) (quoting *Kelly v. Nelson, Mullins, Riley & Scarborough, L.L.P.*, No. 08:01-cv-1176–T–27–MAP, 2002 WL 598427, at *8 (M.D. Fla. Mar. 20, 2002)). Plaintiff's constructive fraud claim fails as a matter of law because he has failed to allege the confidential or fiduciary relationship necessary to support the claim. In addition, the independent tort doctrine bars the claim because Plaintiff failed to allege any

17

conduct separate from the conduct forming the basis of his breach of contract claim.

### a) There is no alleged fiduciary relationship between the parties.

The relationship between a mortgage lender and a borrower is not a fiduciary one. *See McCulloch v. PNC Bank, Inc.*, 298 F.3d 1217, 1226 n.13 (11th Cir. 2002); *see also Silver v. Countrywide Home Loans, Inc.*, 760 F. Supp. 2d 1330 (S.D. Fla. 2011) (the general rule is that the relationship between a bank and its borrower is that of a creditor-debtor and that a bank owes the borrower no fiduciary duty). Instead, the relationship reflects an arms-length business transaction. *Id.*

Despite the pleading requirements described above, Plaintiff makes no attempt to allege that he had a confidential or fiduciary relationship with PHH. Nor do his allegations imply the existence of a fiduciary relationship. For example, Plaintiff alleges that although the mortgage did not obligate PHH to perform any default-related services on his home, PHH "undertook the extra contractual service of ordering and charging for property inspections." ECF No. 1, ¶ 96. PHH's property-inspection services are not "extra contractual," merely because they were not mandatory. Paragraph 9 and 14 of the mortgage, expressly contemplate, describe, and authorize the default-related property inspections at issue in this case. ECF No. 1-1, p. 12, 14.

Moreover, Plaintiff fails to plausibly allege that such services were out of the ordinary or atypical of a servicer-borrower relationship. In this regard, this case is similar to *Wilson v. Everbank, N.A.*, 77 F. Supp. 3d 1202 (S.D. Fla. 2015). In *Wilson*, the plaintiffs brought a putative class action against their mortgage lender for, among other causes of action, breach of fiduciary duty. The plaintiffs alleged that the lender owed them a fiduciary duty because it held their funds in an escrow account, in part for the purpose of paying insurance premiums, and that the lender violated those fiduciary duties by not acting in the borrowers' best interests when it profited from force-placed insurance policies purchased with escrowed funds and by failing to disclose an alleged kickback scheme with the insurers. *Id.* at 1223. The court dismissed the plaintiffs' breach of fiduciary duty claim, finding the plaintiffs failed to identify any conduct by the lender with regard to establishing and managing escrow accounts for the plaintiffs in connection with their mortgages or their force-placed insurance out of the ordinary in or atypical of a lender borrower relationship which would establish the "special circumstances" of trust and confidence required for a fiduciary duty to exist. *Id.* at 1224.

Plaintiff has similarly failed to allege conduct by PHH that was out of the ordinary in or atypical of a borrower-servicer relationship. Plaintiff's mortgage, written on the Florida Single-Family Fannie Mae/Freddie Mac Uniform Instrument with MERS, Form 3010 1/01, specifically contemplates

and authorizes PHH to conduct property inspections for mortgage loans in default and assess the corresponding fee to the borrower's account. ECF No. 1-1, p. 15, ¶ 14 ("Lender may charge Borrower fees for services performed in connection with Borrower's default . . . including, but not limited to, attorneys' fees, property inspection, and valuation fees."). That Plaintiff disputes the amount of fees assessed by PHH does not transform the standard arms-length transaction into a fiduciary relationship. Plaintiff's constructive fraud claim therefore fails to state claim.

> **b) The independent tort doctrine bars tort claims based on conduct governed by contract.**

Plaintiff's constructive fraud claim also violates the well-settled principle that a plaintiff may not recast causes of action that are otherwise breach of contract claims as tort claims. One court in this District recently summarized the state of the independent tort doctrine as follows:

> District courts in Florida have thus "held that it 'is well settled that a plaintiff may not recast causes of action that are otherwise breach-of-contract claims as tort claims." *CEMEX*, 2018 WL 905752, at *10 (citing *Sun Life Assurance Co. of Can. v. Imperial Holdings Inc.*, No. 13-80305-CIV-Brannon, 2016 WL 10565034, at *5 (S.D. Fla. Sept. 22, 2016) ). The critical inquiry for a fraud claim "focuses on whether the alleged fraud is separate and apart from the performance of the contract." *Id.* (quoting *Kaye v. Ingenio, Filiale Do Loto-Quebec, Inc.*, No. 13-61687-CIV, 2014 WL 2215770, at *4 (S.D. Fla. May 29, 2014)); s*ee also Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1031 (11th Cir. 2017) (holding that a fraudulent-inducement claim is independent of a breach-of-contract claim when "the fraud allegations are separate and distinct from defendants' performance under the contract")

*Spears v. SHK Consulting & Dev., Inc.*, 338 F. Supp. 3d 1272, 1279 (M.D. Fla. 2018) (dismissing constructive fraud claim that relied on same allegations used to allege breach of contract claim).

Here, Plaintiff relies on the same allegations for his purported constructive fraud and breach of contract claims. Plaintiff claims PHH is liable for constructive fraud because the actual cost to PHH for each property inspection was much less than the amount charged and collected and PHH therefore received a greater economic benefit than what was contemplated under the mortgage. ECF No. 1, ¶¶ 102-103. But this is the same theory supporting Plaintiff's breach of contract claim. Plaintiff attempts to plead around this inescapable conclusion by alleging PHH breached the mortgage contract by charging Plaintiff "unfair, deceptive, and unreasonable property inspection fees, as set out above" (*id.*, ¶ 109) but it is clear from the complaint that the only reason Plaintiff believes the property-inspection fees were "unfair, deceptive, and unreasonable" is because they were allegedly higher than the fees charged by PHH's property-inspection vendors. Moreover, Plaintiff's claim fails because it arises out of alleged fraud that occurred during the contractual period. *See Altamonte Pediatric Assocs., P.A. v. Greenway Health, LLC*, No. 8:20-CV-604-T-33JSS, 2020 WL 5350303, at *5 (M.D. Fla. Sept. 4, 2020) (dismissing claim for fraud in the inducement that arose from

conduct that occurred during the contractual period). Accordingly, Plaintiff's constructive fraud claim should be dismissed.

### 5. Count V (Breach of Contract) should be dismissed because Plaintiff cannot allege damages based on disputed fees that he has not paid.

Plaintiff fails to satisfy the pleading requirements for breach of contract because he fails to allege that he suffered any damages. To plead a claim for breach of contract under Florida law, Plaintiff must allege (1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from that breach. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). Dismissal is appropriate where a complaint is devoid of any factual allegations that could plausibly suggest that the alleged breach was the but-for cause of any alleged injury. *Robinson v. SunTrust Mortg., Inc.*, 785 F. App'x 671, 676–77 (11th Cir. 2019) (dismissing wrongful foreclosure claim where plaintiffs were in default and there was no allegation that they could have cured their default if given the opportunity).

In this context, a complaint alleging an improper inspection fee is subject to dismissal where the plaintiff never paid the fee. *Antonicic v. HSBC Bank USA, N.A.*, No. 19-CV-3038, 2020 WL 1503201, at *2 (N.D. Ill. Mar. 27, 2020) (dismissing contract claim; "merely being assessed a disputed fee, without paying it, does not constitute actionable actual damage") (citing *Miszczyszyn v. JPMorgan Chase Bank, N.A.*, 2019 WL 1254912 (N.D. Ill. Mar. 19, 2019);

*Tirado v. Bank of America, N.A.*, 2019 WL 4694990, * 8 (N.D. Ill. Sept. 26, 2019) ("Plaintiff cannot ground her claims in the improper assessment of a[n] [inspection] fee without claiming that she actually paid the fee.")).

Here, Plaintiff's complaint is devoid of any factual allegations that could plausibly suggest that PHH's alleged breach was the but-for cause of any alleged injury. Plaintiff admits that he was in default of his mortgage. ECF No. 1, ¶ 28. Plaintiff admits that the mortgage authorized PHH to inspect his property and charge a fee for those inspections. *Id.*, ¶¶ 10-12. Plaintiff complains (without any basis) that PHH improperly marked up the inspection fees, but Plaintiff does not allege that he actually paid any of those fees. In fact, the monthly statements attached to the complaint demonstrate that Plaintiff has not made a mortgage payment since 2012. *See* ECF No. 1-1. Plaintiff therefore has not incurred any damages because he hasn't paid the disputes inspection fees. Count V should be dismissed for this additional reason.

### 6. Plaintiff's jury demand should be stricken based on the jury waiver in the mortgage.

Plaintiff improperly requests a trial by jury. While the entire complaint fails to state a claim for relief and should be dismissed for the reasons described above, if the Court decides to allow any part of this case to proceed past the pleadings it should also strike the jury demand. Paragraph 25 of the mortgage contains a clear and conspicuous jury trial waiver: "**25. Jury Trial Waiver.**

The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or in tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note." ECF No. 1-1, p. 18, ¶ 25 (emphasis in original).

As Plaintiff purports to assert claims arising out of the mortgage and asks this Court to hold PHH liable for violations of the mortgage, it would be unjust to allow Plaintiff to escape the jury trial waiver. Accordingly Plaintiff's jury trial demand must be stricken. *See Deutsche Bank Nat. Trust Co. v. Foxx*, 971 F. Supp. 2d 1106, 1120 (M.D. Fla. 2013) (striking demand for jury trial in complaint alleging claims of breach of contract, FCRA, FDCPA, FCCPA, FDUTPA, and fraud based on nearly identical jury waiver in paragraph 25 of mortgage); *see also Collins v. Countrywide Home Loans, Inc.*, 680 F. Supp. 2d 1287 (M.D. Fla. 2010) (striking jury demand based on identical jury waiver in paragraph 25 of mortgage); *Allyn v. W. United Life Assur. Co.*, 347 F. Supp. 2d 1246, 1252 (M.D. Fla. 2004) (striking jury trial demand based on waiver contained in loan documents).

## IV.   CONCLUSION

For these reasons, PHH asks the Court to dismiss Plaintiff's complaint in its entirety with prejudice and strike Plaintiff's jury trial demand.

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 3.01(g)</u>

The undersigned hereby certifies that on March 17, 2021, counsel for PHH conferred with counsel for Plaintiff regarding this motion via telephone. Plaintiff opposes the relief sought in this motion.

DATED:  March 18, 2021                    Respectfully submitted,

By  <u>*/s/ Dale A. Evans Jr.*</u>
Dale A. Evans Jr.
Florida Bar No. 98496
**LOCKE LORD LLP**
777 South Flagler Drive
East Tower, Suite 215
West Palm Beach, FL  33401
Telephone:     (561) 833-7700
Facsimile:      (561) 655-8719
dale.evans@lockelord.com
***Counsel for defendant PHH Mortgage Corporation***

25

91467104